UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATHANIEL LIVINGSTON, JR.,

    Plaintiff,

v.

Case No. 09-10357
Hon. Lawrence P. Zatkoff

NANCY CORNELIA FRANCIS, JENNIFER M.
GRANHOLM, AMANDA MAYES, MIKE COX,
and BARACK OBAMA,

    Defendants.
_____/

**ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING COMPLAINT**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on March 26, 2009

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

Plaintiff submitted his complaint and application to proceed *in forma pauperis* [dkts 1 & 3] on January 30, 2009. Plaintiff's request to proceed *in forma pauperis* is GRANTED; however, the Court DISMISSES Plaintiff's complaint for failure to state a claim upon which this Court can grant relief.

**II. BACKGROUND**

This case arises out of a bitter child custody battle between Plaintiff and Defendant Amanda Mayes. According to Plaintiff, he had procured a parental time order from an Ohio state court; however, Defendant Mayes absconded to Michigan with their children. Plaintiff further claims that once in Michigan, Defendant Mayes filed her own custody suit and sought a Personal Protection

Order (PPO) against Plaintiff pursuant to Mich. Comp. Laws § 600.2950. Plaintiff states that Defendant Nancy Cornelia Francis, a Washtenaw County Judge, granted Defendant Mayes a PPO and a separate parenting order. Plaintiff was later convicted of criminal contempt of court for violating the terms of the PPO. While incarcerated in Ohio on another matter, Plaintiff filed a petition for writ of habeas corpus, in which he attacked the validity of a detainer filed by the State of Michigan for the criminal contempt of court conviction. The Court dismissed Plaintiff's petition for failure to exhaust administrative remedies. *See Livingston v. Francis*, No. 2:08-cv-14965, 2008 WL 5211644 (E.D. Mich. Dec. 11, 2008) (Zatkoff, J.). Plaintiff's complaint indicates that he is now confined at the Washtenaw County Jail in Michigan.

Plaintiff filed the instant case against Judge Francis, Ms. Mayes, Michigan Attorney General Mike Cox, Michigan Governor Jennifer Granholm, and President Barack Obama, alleging numerous constitutional and statutory violations stemming from the issuance of the PPO, Plaintiff's subsequent contempt conviction, and the trial court's failure to enforce the Ohio time order, along with various other alleged injuries. For the following reasons, the Court finds that Plaintiff's complaint fails to state a claim upon which this Court can grant relief and should therefore be dismissed.

### III. ANALYSIS

**A. Plaintiff's Request to Proceed *In Forma Pauperis***

Plaintiff has filed an application to proceed without prepayment of fees. Under 28 U.S.C. § 1915(a), "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." The reference to assets of "such

prisoner" is likely a typographical error; thus, § 1915(a) applies to all natural persons. *See Floyd v. U.S. Postal Serv.*, 105 F.3d 274 (6th Cir. 1997). If a motion to proceed without prepayment of fees is filed and accompanied by a facially-sufficient affidavit, the Court should allow the complaint to be filed. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 261 (6th Cir. 1990) (citing *Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir. 1981)). Only after the complaint is filed is it tested to determine whether it is frivolous or fails to state a claim. *See id.* at 261. The Court finds Plaintiff's financial affidavit facially sufficient; therefore, the Court will grant Plaintiff's request to proceed without prepayment of fees.

**B. Dismissal for Failure to State a Claim**

Upon granting a plaintiff's request to proceed *in forma pauperis*, the Court performs a preliminary screening of the complaint under several provisions of the United States Code. Pursuant to 28 U.S.C. §§ 1915A, 1915(e), and 42 U.S.C. § 1997e(c)(1), the Court is to *sua sponte* dismiss the case before service on Defendants if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

The Court's determination of failure to state a claim under § 1915 is the same as its determination under Fed. R. Civ. P. 12(b)(6). *See* 1 Moore's Fed. Practice § 4.41[3]. In *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), the United States Supreme Court recently clarified the standard of pleading necessary to survive a motion to dismiss. "Factual allegations must be enough to raise a right to relief beyond the speculative level" and "more than labels and conclusions" are required in order for a pleading to avoid dismissal. *Id.* at 1965. While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *See Advocacy Org. for Patients*

*& Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999).  That is, although any ambiguities must be resolved in the plaintiff's favor, *see Jackson v. Richards Med. Co.*, 961 F.2d 575, 577-78 (6th Cir. 1992), the Court is "not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions." *Hendrock v. Gilbert*, 68 Fed. Appx. 573, 574 (6th Cir. 2003) (citations omitted).

The Court has a duty to construe a *pro se* plaintiff's pleadings liberally, *see, e.g.*, *Erickson v. Pardus*, 551 U.S. 89 (2007), but in doing so, it will not re-write a deficient complaint or otherwise serve as counsel for that plaintiff.  *See GJR Invs, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).  While leave to amend pleadings is generally to be liberally given, *see Forman v. Davis*, 371 U.S. 178 (1962); Fed R. Civ. P. 15(a), this is not true when the Court reviews a complaint under § 1915(e).  *See Hawkins v. Morse*, 194 F.3d 1312, at *1 (6th Cir. 1999) (table opinion) ("The Court is not required to allow a plaintiff to amend his complaint in order to avoid a sua sponte dismissal."); *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

**1. Plaintiff's Constitutional Challenges to State-Court Proceedings**

**a. As-Applied Challenges**

In several paragraphs under Plaintiff's "Causes of Action" heading, Plaintiff challenges the constitutionality and legitimacy of the PPO, Mich. Comp. Laws § 600.2950, and his contempt of court proceedings and conviction.  Compl. at ¶¶42, 44, 45, and 46.  The Court, however, is barred from reviewing such challenges.

Plaintiff alleges that the PPO and § 600.2950 violate his rights arising under the First, Second, and Fourteenth Amendments to the United States Constitution, along with the Full Faith

and Credit Clause. To the extent that Plaintiff challenges violations of his constitutional rights stemming from the issuance of the PPO, the Court lacks jurisdiction to review state-court judgments, and Plaintiff must instead utilize the state-court appellate procedures. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *see also Nicklay v. Eaton County Circuit Court*, No. 1:08-cv-211, 2008 WL 2139613, at *2-3 (W.D. Mich. May 20, 2008). The *Rooker-Feldman* doctrine also bars the Court from reviewing Plaintiff's constitutional challenges to § 600.2950 to the extent Plaintiff challenges the application of the statute. *See Hood v. Keller*, 341 F.3d 593, 597 (6th Cir. 2003); *Carney v. Christansen*, 422 F. Supp. 2d 841, 848 (W.D. Mich. 2006).

Furthermore, the Court cannot review the constitutionality of Plaintiff's contempt conviction under 42 U.S.C. § 1983 unless Plaintiff shows that his conviction was "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Nicklay,* 2008 WL 2139613, at *2-3. Plaintiff has made no such showing.

The Court finds that review of the following paragraphs from Plaintiff's "Causes of Action" section is barred by the application of the above doctrines: ¶¶42, 43, 44[1], 45, and 46.

### b. Facial Challenge

---

[1]Paragraph 44 could arguably be construed as a facial challenge to § 600.2950. In that paragraph, Plaintiff claims the PPO and § 600.2950 are vague and overbroad as they "prohibit [Plaintiff] and similarly situated other individuals from 'entering onto premises' but don't define which premises." Even if the Court were to construe this as a facial challenge, such a challenge is clearly frivolous. Any ambiguity necessarily results from the description of the premises in the PPO, and the Court is barred from review under *Rooker-Feldman*.

Plaintiff lodges a facial challenge to the constitutionality of Mich. Comp. Laws § 600.2950(1)(e), which permits a PPO to include a prohibition against "purchasing or possessing a firearm."  The Court has jurisdiction to hear this claim, as Plaintiff generally attacks this provision of the statute. *See Carter v. Burns*, 524 F.3d 796 (6th Cir. 2008).  Plaintiff's claim necessarily fails, however, because the Second Amendment is not incorporated through the Fourteenth Amendment as applicable to the individual states.  *See District of Columbia v. Heller*, __ U.S. ___, 128 S. Ct. 2783, 2813 n.23 (2008); *Miller v. Texas*, 153 U.S. 535, 538 (1894); *Peoples Rights Org., Inc. v. City of Columbus*, 152 F.3d 522, 539 n.18 (6th Cir. 1998).  Therefore, the State of Michigan is not constrained by the Second Amendment when enacting legislation such as § 600.2950(1)(e).

**2. Plaintiff's 42 U.S.C. § 1983 Claims**

**a. Immunities**

Several of Plaintiff's claims seek monetary damages for liability arising under 42 U.S.C. § 1983.  Any potential relief is substantially foreclosed by the various immunities the majority of Defendants can claim.

Defendant Nancy Cornelia Francis is named as a defendant due to her judicial role overseeing the PPO and contempt proceedings.  A judicial official is not civilly liable for judicial actions taken within her jurisdiction, *see, e.g.*, *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 351 (1871), and this immunity extends to actions arising under § 1983.  *See Pierson v. Ray*, 386 U.S. 547, 554-55 (1967).  As Judge Francis was acting within her jurisdiction, she is absolutely immune from all claims for damages.

Plaintiff seeks monetary relief against the Washtenaw County Trial Court, although that entity is not named as a defendant.  Regardless, that court is immune from monetary damages under

the Eleventh Amendment. *See Mumford v. Basinski*, 105 F.3d 264, 269 (6th Cir. 1997); *Geller v. Washtenaw County*, No. 04-72947, 2005 WL 3556247, at *6 (E.D. Mich. Dec. 29, 2005).

Defendant Jennifer Granholm and Defendant Mike Cox are state officials who are absolutely immune from suits for damages in their official capacities. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989). The Court liberally construes Plaintiff's complaint as naming Defendants Granholm and Cox in their individual capacities as well, due to Plaintiff's demand for actual and punitive damages. Defendants Granholm and Cox are entitled to qualified immunity from damages in their individual capacities. *See, e.g.*, *Harlow v. Fitzgerald*, 457 U.S. 800, 819 (1982).

Defendant Barack Obama is absolutely immune from liability for damages arising from official acts as President of the United States of America. *See Clinton v. Jones*, 520 U.S. 681, 693-95 (1997); *Nixon v. Fitzgerald*, 457 U.S. 731, 753-54 (1982).

### b. Violation of Equal Protection Clause (All Defendants)

Plaintiff claims that he was discriminated against based on his color, race, sex, and gender in a variety of ways, including the trial court's refusal to enforce his Ohio child custody order and its failure to award him a PPO against Defendant Mayes. The Court construes this claim as arising under the Equal Protection Clause of the Fourteenth Amendment via § 1983.

Defendants Francis and Obama are absolutely immune from this claim, and Defendants Granholm and Cox are immune from this claim in their official capacities. *See supra* Part III.B.2.a. Defendant Mayes cannot be held liable under § 1983 as she is not a state actor. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978); *Lansing v. City of Memphis*, 202 F.3d 821, 828 (6th Cir. 2000).

Thus, the only possible source of liability is that of Defendants Granholm and Cox in their individual capacities. Plaintiff fails to allege any direct involvement of Defendants Granholm and Cox in the alleged discrimination; instead, the allegations implicate the trial court's actions. Any potential liability of Defendants Granholm and Cox must then arise on a supervisory basis, as § 1983 liability cannot be premised solely on the theory of *respondeat superior*. *See Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 81 (6th Cir. 1995) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)). Plaintiff's allegations pertaining to Defendants Granholm and Cox on this claim suggest only that they were notified about the trial court's alleged misdeeds and failed to take corrective action. A "mere failure to act" cannot substantiate a § 1983 claim based on a theory of supervisor liability. *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999). Plaintiff has not stated a constitutional violation; therefore, Defendants Granholm and Cox are entitled to qualified immunity.

### c. Failure to Protect (Defendants Francis, Granholm, and Cox)

Plaintiff alleges that the above Defendants failed to protect him from Defendant Mayes, despite notification of her "danger." It is unclear exactly what "danger" Plaintiff sought shelter from, but other allegations in Plaintiff's complaint claim that Defendant Mayes took his children, lied to receive the PPO, fabricated claims of child sexual abuse to prevent Plaintiff from seeing his children, and that the state failed to provide him with his own PPO. Plaintiff further alleges that "[t]hese defendants have an affirmative duty of care and protection." Compl. at ¶47.

Despite Plaintiff's assertions, there is no general right to affirmative protection from a state or its actors against harm by a third party. *See DeShaney v. Winnebago Dep't of Soc. Servs.*, 489 U.S. 189, 196 (1989). An exception to this general rule exists where the state creates the danger,

8

*see Kallstrom v. City of Columbus*, 136 F.3d 1055, 1066 (6th Cir. 1998); however, this exception does not extend to a state's failure to act. *See Brooks v. Knapp*, 221 Fed. Appx. 402, 407 (6th Cir. 2007). Simply put, there was no duty to protect Plaintiff from whatever "danger" he was in, and even if there were, Defendants' inaction would not have violated such a duty.

### d. Failure to Prosecute for Perjury (Defendant Cox)

Plaintiff also claims that "Defendant Cox looked the other way as Mr. Mackie lied under oath . . . because Mackie is a white guy." Compl. at ¶49. The Court construes this paragraph as alleging that Defendant Cox failed to prosecute Mr. Mackie for perjury.

"[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973). Moreover, a prosecuting officer is entitled to absolute immunity so long as he "acts within the scope of his prosecutorial duties." *Imbler v. Pachtman*, 424 U.S. 409 (1976). This immunity extends to a prosecutor's charging decisions. *See Alsenas v. City of Brecksville*, 221 F.3d 1333, at *2 (6th Cir. 2000) (table opinion). While Plaintiff alleges that Defendant Cox's decision was racially-motivated, such a challenge does not defeat § 1983 immunity. *See Bowman v. Warren County Reg'l Jail*, 89 F.3d 832, at *1 (6th Cir. 1996) (table opinion); *Kittle v. State of Ohio*, No. 2:05-cv-1165, 2006 WL 2128908, at *5-6 (S.D. Ohio July 26, 2006).

### 3. Plaintiff's Claims for Injunctive Relief

#### a. Constitutional Challenge to the Violence Against Women Act

Plaintiff seeks to enjoin the enforcement of the Violence Against Women Act. It is unclear which provision of the Act Plaintiff challenges. As the civil enforcement section of the Act has previously been held unconstitutional, *see United States v. Morrison*, 529 U.S. 598 (2000), the Court

9

construes Plaintiff's challenge as implicating one of the Act's criminal prohibitions. *See* 18 U.S.C. § 2261 *et seq*. Notwithstanding the various jurisprudential hurdles Plaintiff's challenge faces, the Sixth Circuit has upheld the constitutionality of the criminal-enforcement provisions of the Act. *See United States v. Al-Zubaidy*, 283 F.3d 804, 812 (6th Cir. 2002); *United States v. Page*, 167 F.3d 325, 335 (6th Cir. 1999). The Court cannot upset these rulings.

### b. Constitutional Challenge to 18 U.S.C. § 922(g)(8)

Plaintiff next challenges the constitutionality of 18 U.S.C. § 922(g)(8), which prohibits persons subject to orders such as the Michigan PPO from shipping, transporting, possessing, or selling a firearm. Ignoring the jurisprudential hurdles facing this challenge, the Sixth Circuit has previously held § 922(g)(8) constitutional, *see United States v. Napier*, 233 F.3d 394, 404 (6th Cir. 2000), and has re-affirmed the constitutionality of § 922 generally after the United States Supreme Court's decision in *District of Columbia v. Heller*, __ U.S. ___, 128 S. Ct. 2783 (2008). *See United States v. Fraizer*, No. 07-6135, 2008 WL 4949153, at *5 (6th Cir. Nov. 19, 2008). Additionally, those courts specifically reviewing § 922(g)(8) after *Heller* have reaffirmed its constitutionality. *See United States v. Knight*, 574 F. Supp. 2d 224, 226-27 (D. Me. 2008); *United States v. Luedtke*, 589 F. Supp. 2d 1018, 1023 (E.D. Wisc. 2008); *United States v. Erwin*, No. 1:07-CR-556, 2008 WL 4534058, at *3 (N.D.N.Y. Oct. 6, 2008). Thus, the Court declines Plaintiff's invitation to distinguish itself from the unanimous affirmation of the constitutionality of § 922(g)(8).

### c. Request for a Temporary Restraining Order and/or Injunction Prohibiting Michigan Authorities and Courts from Interfering with Planned Public Demonstrations Beginning on February 11, 2009, and February 18, 2009, and Interfering with Plaintiff's Investigation of Defendant Mayes

As the scheduled dates on which Plaintiff planned to hold his demonstrations have passed, the Court denies those requests for injunctive relief as moot.

The Court also denies Plaintiff's injunctive requests as applicable to future, unscheduled demonstrations, and as applicable to Plaintiff's desire to conduct an unfettered investigation of Defendant Mayes. Plaintiff has not alleged why he would be arrested, or what statutes or ordinances abridge his constitutional rights. The Court cannot order a general moratorium precluding arrest or the general enforcement of statutes and ordinances; it can only review specific claims of unconstitutionality. It is unable to do so based on Plaintiff's deficient complaint.

It is more likely the case that Plaintiff requests injunctive relief not to attack specific statutes or ordinances, but rather to avoid arrest for further violations of the PPO. This amounts to nothing more than an alternative method of challenging the validity of the PPO, and such review is barred by the *Rooker-Feldman* doctrine.

### 4. Plaintiff's Remaining Claims

#### a. Civil Conspiracy (All Defendants)

Plaintiff also alleges that Defendants conspired to violate his civil rights. Compl. at ¶51. However, civil conspiracy claims must be pleaded some "some specificity." *See Dickerson v. Parnell*, 101 Fed. Appx. 587, 588 (6th Cir. 2004). Plaintiff fails to allege that any agreement existed between Defendants to conspire against him.

Further, Plaintiff must prove an actual violation under 42 U.S.C. § 1983 to succeed on his civil-conspiracy claim. *See Scott v. Stone*, 254 Fed. Appx. 469, 474-75 (6th Cir. 2007) (citing *Torres-Rosado v. Rotger-Sabat,* 335 F.3d 1, 14 (1st Cir. 2003); *Vaden v. Village of Maywood, Ill.*, 809 F.2d 361, 366 (7th Cir. 1987)). Plaintiff has not stated a cognizable § 1983 claim, *see supra* Part III.B.2.b, and his civil conspiracy claim must accordingly be dismissed.

#### b. Violation of the Racketeer Influenced Corrupt Organization Act (RICO) (All Defendants)

11

Plaintiff has provided absolutely no facts substantiating a RICO violation. This claim is clearly frivolous and must be dismissed.

### c. Request that the Court Determine Whether Defendants' Conduct Violates Various State-Law Civil and Criminal Claims

Plaintiff "believe[s] the court should exercise its jurisdiction to decide if the defendants' conduct violates Ohio and/or Michigan state laws against malicious prosecution, false arrest, false imprisonment, defamation, kidnapping, abuse of process, extortion, intention infliction of emotional distress, and negligent infliction of emotional distress." Compl. at ¶55. Plaintiff should have pleaded a factual basis for such claims if he wished to have them reviewed.

### IV. CONCLUSION

For the above reasons, the Court finds that Plaintiff's complaint does not state a claim upon which relief can be granted. Accordingly, Plaintiff's complaint is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e).

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: March 26, 2009

CERTIFICATE OF SERVICE

 The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on March 26, 2009.

            S/Marie E. Verlinde
            Case Manager
            (810) 984-3290